OPINION
Defendants-appellants Jack Mansfield, J. Stephen Pfancuff, NewMarket Financial Group, NewMarket Financial Services, Inc., and NewMarket Financial Products, Inc. appeal from the May 12, 1999, Judgment Entry of the Stark County Court of Common Pleas overruling defendants-appellants' Motion to Compel Arbitration and Dismiss the Complaint and/or Compel Arbitration and Stay Proceedings.
 STATEMENT OF THE FACTS AND CASE
In 1987, appellee Wendell Kegg sought investment advice from appellant Jack Mansfield on how to best invest a lump sum retirement distribution. Mansfield was an owner or agent of appellants New Market Financial Group, New Market Financial Services, Inc. and New Market Financial Products, Inc. Subsequently, in September of 1992 and October of 1993, investments were made on appellee's behalf through Capital Analysts, Inc., a broker-dealer. On or about September 23, 1992, appellee Wendell Kegg signed a client agreement with Capital Analysts, Inc. Such agreement provided, in relevant part, as follows: "In consideration of Capital Analysts, Inc. (CAI) the Broker-Dealer opening this account on my own behalf, I represent and agree as follows:
 10. ARBITRATION (a) Arbitration is final and binding on the parties. (b) The parties are waiving their right to seek remedies in court, including the right to jury trial. . .
The undersigned and CAI agree to the following conditions which shall apply to all controversies arising between them:
 1. This agreement to arbitrate constitutes a waiver of the right to seek a judicial forum unless such a waiver would be void under the federal or state securities law. 2. We agree that all controversies that may arise between us concerning any order or transaction, or the continuation, performance or breach of this or any other agreement between us, whether entered into before, on or after the date this account is opened shall be determined by arbitration before a panel of independent arbitrators set up by the National Association of Securities Dealers, Inc. (NASD). . .
The undersigned acknowledges that they have read, understood and agree to the terms set forth in this Agreement, including the predispute arbitration clause as found in Item 10 on this page of this Agreement, a copy of which the undersigned has received."
Appellee, Kegg, signed a second client agreement with Capital Analysts, Inc. which contain the identical predispute arbitration clause, on October 13, 1993. In July of 1996, appellee Kegg entered into a third customer agreement with LNC Equity Sales Corporation and National Financial Services Corporation (LNC), appellants' new broker-dealer. This third agreement provides, in relevant part, as follows:
 "I ACKNOWLEDGE THAT I HAVE READ, UNDERSTOOD AND AGREE TO THE TERMS SET FORTH IN THE CUSTOMER AGREEMENT AND REQUEST THAT YOU ACCEPT ONE OR MORE ACCOUNTS IN MY NAME. . . . I REPRESENT THAT I HAVE READ THE TERMS AND CONDITIONS CONCERNING THIS ACCOUNT AND AGREE TO BE BOUND BY SUCH TERMS AND CONDITIONS AS CURRENTLY IN EFFECT AND AS MAY BE AMENDED FROM TIME TO TIME. THIS ACCOUNT IS GOVERNED BY A PRE-DISPUTE ARBITRATION CLAUSE WHICH APPEARS ON PAGE 5. I UNDERSTAND THAT THIS ARBITRATION CLAUSE APPLIES TO ALL BROKERAGE AND NON-BROKERAGE ACCOUNTS. I ACKNOWLEDGE RECEIPT OF THIS PRE-DISPUTE ARBITRATION CLAUSE."
On February 26, 1999, appellee filed a complaint in the Stark County Court of Common Pleas against appellants Jack Mansfield, J. Stephen Pfancuff, NewMarket Financial Group, NewMarket Financial Services, Inc. and NewMarket Financial Products, Inc. Appellee, in his complaint, alleged that appellants Jack Mansfield and J. Stephen Pfancuff had provided financial advice and investment services to him individually and through appellants NewMarket Financial Group, NewMarket Financial Services, Inc., and NewMarket Financial Products, Inc. Appellee further alleged that he was a client of appellants and that appellants Mansfield and Pfancuff were employees or agents of appellants NewMarket Financial and/or NewMarket Financial Products, Inc. According to appellee's complaint, appellants provided false and misleading information to appellee relative to the value of appellee's accounts, thereby defrauding appellee, breached their contractual obligations to appellee, and violated the Ohio Consumer Sales Practices Act. On April 22, 1999, appellants, citing to the three arbitration agreements previously signed by appellee, filed a Motion to Compel Arbitration and to Dismiss Complaint and/or Alternatively to Compel Arbitration and Stay Proceedings. A joint answer to appellee's complaint was filed by appellants on May 4, 1999. Appellee then filed a memo in opposition to appellants' Motion to Compel Arbitration on May 6, 1999, to which appellants filed a reply the next day. Thereafter, with leave of court, appellants filed an amended answer on May 11, 1999. Pursuant to a Judgment Entry filed on May 12, 1999, the trial court overruled appellants' Motion to Compel Arbitration and Dismiss the Complaint and/or Compel Arbitration and Stay Proceedings. The trial court, in its entry, specifically held as follows: "Plaintiff contends that none of the foregoing agreements were signed by the named defendants. Further, all investments that are the subject of the Plaintiff's complaint pre-date said agreements. Therefore, none of the agreements cover the investments at issue." It is from the May 12, 1999, Judgment Entry that appellants prosecute their appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION AS KEGG AND DEFENDANTS AGREED TO SUBMIT THE ISSUE OF ARBITRABILITY TO THE ARBITRATORS.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION AS KEGG'S CLAIMS AGAINST DEFENDANTS ARE SUBJECT TO NASD ARBITRATION
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN FAILING TO DISMISS KEGG'S COMPLAINT AS ALL OF THE CLAIMS RAISED BY THE COMPLAINT ARE SUBJECT TO NASD ARBITRATION
I, II, III
Appellants, in their three assignments of error, challenge the trial court's denial of appellants' Motion to Compel Arbitration and Dismiss the Complaint and/or Compel Arbitration and Stay Proceedings. Appellants specifically contend that appellee and appellants agreed to submit the issue of arbitrability to the arbitrators, that appellee's claims against appellants are subject to NASD arbitration, and that all of the claims raised by appellee's complaint are subject to NASD arbitration. There is no duty to arbitrate particular disputes where there has been no agreement between parties requiring such disputes to be submitted to arbitration. Ahn v. Rooney, Pace, Inc. (1985), 624 F. Supp. 368. The issue of whether or not a party has agreed to arbitrate is determined on the basis of ordinary contract principles. Fox v. Merrill Lynch Co., Inc., (1978), 453 F. Supp. 561. In the case sub judice, appellants filed a Motion to Compel Proceedings and Dismiss the Complaint and/or Compel Arbitration and Stay Proceedings pursuant to R.C. 2711.01 et seq., pointing to the written mandatory arbitration clauses contained in the three agreements signed by appellee. Two of the arbitration clauses were contained in appellee's two client agreements with Capital Analysts, Inc. whereas the third arbitration provision was contained in appellee's customer agreement with LNC Equity Sales Corporation. Neither LNC Equity Sales Corporation nor Capital Analysts, Inc., who are both broker-dealers, were named as defendants in appellee's complaint and neither is a party to this appeal. The remaining appellants are not identified as a party in any of the documents signed by appellee nor do their names appear anywhere therein. Each of the three documents signed by appellee simply contained an agreement to arbitrate disputes only between the parties thereto; Capital Investment Analysts and appellee and/or LNC, and appellee. See Wagmiller v. J. Stephen Pfancuff (Sept. 29, 1997), Stark Appeal No. 1997CA00083, unreported. The arbitration provisions contained in the Capital Analysts, Inc. agreements signed by appellee, for example, clearly state that arbitration shall be used for "all controversies that may arise between us." (Emphasis added.) There is no evidence in the record that appellants were agents of either Capital Analysts, Inc. or LNC, both which are broker-dealers. Nor is there any indication in the record as to any relationship between appellants and Capital Investment Analysts, Inc. or LNC. Since there was no agreement signed by appellee to arbitrate appellee's disputes with either Capital Analysts, Inc. or LNC, the trial court did not err in overruling appellants' Motion to Compel Arbitration and to Dismiss Complaint and/or Alternatively to Compel Arbitration and Stay Proceedings. For the foregoing reasons, all three of appellants' assignments of error are overruled.
The Judgment of the Stark County Court of Common Pleas is affirmed.
By Reader, J. Wise, P.J. and Farmer, J. concurs